[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT (#243)
This motion is governed by the twin opinions of our Supreme Court in Suarez v. Dickmont Plastics Corp., 229 Conn. 99 (1994) and 242 Conn. 255 (1997) and invokes the substantial certainty exception to the Worker's Compensation rule of exclusivity.
The plaintiff has alleged that this particular defendant knew or should have known that the plaintiff's injuries were substantially certain to occur due to the defendant's wilful misconduct in requiring its employee to work in an area where it caused fluids and sludge to accumulate under foot.
"Substantial certainty" focuses on whether the employerbelieved the injury was substantially certain to follow from the employer's acts or conduct, Suarez II, supra at 280. The plaintiff asserts in his affidavit that he had "repeatedly informed his employer of the dangerous condition" but the employer to refused to remedy the condition. He further asserts his belief that the employer "knew injuries were substantially certain to occur" from this condition.
While the latter statement is admittedly conclusory in nature it is no more so than the assertion made in affidavits offered by CT Page 10656 the defendant.
The affidavit of Abraham Davidson submitted on behalf of the defendant is deficient in its attempt to negate the issue of substantial certainty because it is made by a fellow employee and does not shed light upon the employer's policy which this court believes is essential to any factual determination on the issue.
Thus, there is a genuine issue of fact as to whether the defendant employer had a policy that required this employee to work under conditions which it believed were substantially certain to cause the employee injury. Suarez II, supra.
The motion is denied.
A. WILLIAM MOTTOLESE, JUDGE